In re Robert A. **PETERSON,** Deceased United States Merchant Mariner.

C.A. No. 2:09–mc–00065–PMD.

United States District Court,
D. South Carolina,
Charleston Division,
in Admiralty.

July 1, 2009.

---

Julius H. Hines, Buist, Moore, Smythe and McGee, Charleston, SC, for Plaintiff.

## ORDER TO DISTRIBUTE PROPERTY OF DECEASED SEAMAN

PATRICK MICHAEL DUFFY, District Judge.

This matter comes before this Court on the motion of Petitioner Maersk Line, Limited ("Maersk"), for an order directing the distribution of the personal property of Robert A. Peterson, a deceased United States merchant mariner who died aboard the MAERSK TENNESSEE en route from New Orleans to Charleston. In the alternative, Maersk moves for a declaration that Title 46, Chapter 107 of the United States Code does not apply to the facts of this matter.

According to Maersk, Chapter 107 of Title 46 is unclear as to its application to a death which occurs on the high seas during a voyage between a port on the Gulf Coast and a port on the Atlantic Coast. Section 46 U.S.C. § 10701(a) states that "[e]xcept as otherwise provided," Chapter 107 applies only to international voyages and voyages between U.S. ports on the Atlantic and Pacific coasts. However, Section 10706 requires a maritime employer to deposit a seaman's personal effects with the District Court "[i]f the seaman's death occurs at sea." Maersk suggests that the latter section may apply despite the fact that the vessel at issue in this case was on a voyage between two ports on the East Coast.

If Chapter 107 applies, Maersk has demonstrated that Estella Peterson (the decedent's mother) has been appointed by the Probate Court for Houghton County, Michigan, as personal representative for the estate of Robert A. Peterson. She is therefore the person to whom the Court would ordinarily order delivery of the seaman's effects. See 46 U.S.C. § 10709(3). If, on the other hand, Chapter 107 does not apply, then South Carolina probate law would allow Maersk to deliver the proper-

ty to Ms. Peterson upon receipt of proof of her appointment together, with an affidavit confirming that no local administration is pending. See S.C.Code § 62–4–201. There does not appear to be any dispute about who should be in charge of disposing of Robert A. Peterson's personal effects, simply the procedure which must be followed in transferring custody of those effects to Ms. Peterson.

### ANALYSIS

This question appears to be one of first impression. The Shipping Act, 46 U.S.C. §§ 2101–14701, divides voyages into three distinct types and provides definitions for each of the separate categories. *See Pacific Merchant Shipping Ass'n v. Aubry,* 918 F.2d 1409, 1412 (9th Cir.1990). First, foreign voyages are between ports in the United States and ports in foreign countries except for Canada, Mexico and the West Indies. *See* 46 U.S.C. § 10301(a)(1). Secondly, intercoastal voyages are defined as voyages between ports on the Atlantic and ports on the Pacific coasts. *See* 46 U.S.C. § 10301(a)(2). Third, the term "coastwise voyages" refers to voyages between a port in one state and a port in another state, except for an adjoining state. *See* 46 U.S.C. § 10501(a). United States Coast Guard regulations further describe coastwise vessels as vessels that normally navigate the waters of any ocean or the Gulf of Mexico at a distance of 20 nautical miles or less offshore. *Pacific Merchant,* 918 F.2d at 1412.

Title 46, Chapter 107 of the United States Code governs the delivery of the personal effects of deceased seamen and requires the personal property to be delivered to this Court. The requirements of 46 U.S.C. § 10706 state that the master or owner of a vessel must deliver the money, property and wages to a district court of the United States within one week of the vessel's arrival at the first port call after the seaman's death when the death occurs

at sea. However, one of the provisions makes it unclear whether the MAERSK TENNESSEE's voyage between New Orleans and Charleston applies. The provision at issue, 46 U.S.C. § 10701 states that Chapter 107 applies to a vessel on a voyage between: (1) a port of the United States and a port in a foreign country, or "foreign voyages" as defined above; and (2) a port of the United States on the Atlantic Ocean and a port of the United States on the Pacific Ocean, or "intercoastal voyages" as defined above. The provision mentions nothing about "coastwise voyages," which was the type of voyage on which Mr. Peterson died.

In analyzing legislative intent to determine whether the omission served as the intention of lawmakers or as a mere oversight, it seems likely that those developing the chapter's laws and regulations were familiar with the language of the high seas. Because the three distinct types of voyages are clearly designated in matters pertaining to the high seas, it seems unlikely that lawmakers would ensure that the chapter applied to two types of voyages but leave out the third category through a simple mistake. Lawmakers made a point of including coastwise voyages in many other parts of the United States Code, even in some areas immediately prior to 46 U.S.C. § 107. For example, 46 U.S.C. § 10501 specifies that vessels weighing more than 50 gross tons engaged in voyages between two states (the definition of coastwise) are subject to provisions of the chapter. It seems unlikely that legislative drafters would focus on coastwise voyages in 46 U.S.C. § 10501, but then mysteriously forget to include coastwise voyages while mentioning foreign and intercoastal voyages in 46 U.S.C. § 10701. The only reasonable explanation is that lawmakers had a specific reason for not including coastwise voyages in 46 U.S.C. § 10701 and intended to remove that type of voy-

age from the other voyages where petitioners are required to deliver personal property of deceased seamen to a district court in the first port of call.

Because the provisions of 46 U.S.C. § 10701 leave out coastwise voyages, Chapter 107 does not apply to the facts at hand and to the delivery of Mr. Peterson's personal property. Therefore, Petitioner should not be required to deliver the money and personal property of Mr. Peterson to this Court. Petitioner has no obligation to comply with Chapter 107, and, instead, should deliver the property in accordance with the South Carolina Probate Code.

### CONCLUSION

It is, therefore, **ORDERED,** for the foregoing reasons, that Maersk must comply with South Carolina probate law by obtaining, in addition to proof of Ms. Peterson's appointment, the affidavit contemplated by S.C.Code § 62–4–201.

**AND IT IS SO ORDERED.**